UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X

DOUAN DOTTS,

                                      Plaintiff,

    -against-

CITY OF NEW YORK, ELON JAMESROBINSON, Individually, CASEY ENGLEHARDT, Individually, JOSEPH MARCELLO, ANTHONY GIANNATTASIO, ANDREW TAGLIAFERRO, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                      Defendants.

**COMPLAINT**

Index No.:

Jury Trial Demanded

----------------------------------------------------------------------------------X

Plaintiff DOUAN DOTTS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DOUAN DOTTS is a thirty-two-year-old African American resident of Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, ELON JAMESROBINSON, CASEY ENGLEHARDT, JOSEPH MARCELLO, ANTHONY GIANNATTASIO, ANDREW TAGLIAFERRO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On September 28, 2022 at approximately 9:50 p.m., in the vicinity of Bay Street and Hylan Boulevard, defendant NYPD officer CASEY ENGLEHARDT was operating an unmarked police vehicle with defendant Lieutenant JOSEPH MARCELLO seated in the front passenger seat and defendant officer ELON JAMESROBINSON seated in the rear seat of the vehicle.

13. Plaintiff was operating a motorcycle on Bay Street when defendants, without activating their lights or sirens to alert plaintiff they were police or were attempting to stop plaintiff, deliberately pulled in front of plaintiff at the intersection of Hylan Boulevard, dangerously cutting plaintiff off.

14. Defendant MARCELLO then dangerously opened the front passenger door into the path of plaintiff.

15. As a result of the defendants' unreasonable, intentional, reckless, and otherwise negligent manner of stopping plaintiff, plaintiff was caused to strike the front door of the NYPD vehicle, causing his motorcycle to fall over on top of him, and resulting in plaintiff sustaining a fractured arm.

16. Despite the fact that plaintiff informed defendants his arm was broken, defendants proceeded to handcuff plaintiff behind his back and subsequently imprisoned him in a police vehicle operated by defendants ANTHONY GIANNATTASIO and ANDREW TAGLIAFERRO.

17. Defendants GIANNATTASIO and TAGLIAFERRO proceeded to take plaintiff

for a "rough ride" back to the 120th Police precinct, and in so doing, operated the vehicle at unreasonably high rates of speed, including while turning corners, and repeatedly stopped the vehicle in a manner which caused plaintiff to be dangerously tossed around in the vehicle, all while handcuffed behind his back with a broken arm, which caused plaintiff to suffer additional pain and suffering, as well as needless emotional distress.

18. Once at the precinct, plaintiff requested medical treatment but was deterred from obtaining it by the defendants assuring him that if he refused medical treatment, they would release him sooner with a desk appearance ticket.

19. Plaintiff was eventually released on September 29, 2022 at or around 5:25 a.m. with a desk appearance ticket compelling his appearance in Staten Island Criminal Court on October 17, 2022.

20. On September 29, 2022, plaintiff sought medical treatment after his release form custody at Staten Island University Hospital where he was treated and diagnosed with a fracture of the shaft if his right radius and a dislocation of the distal end of his right ulna.

21. Plaintiff underwent surgery on October 6, 2022 to reduce his dislocation and fracture and a plate and screws were placed over the radial shaft.

22. On October 17, 2022, plaintiff appeared as required in Staten Island Criminal Court, where he was arraigned on baseless charges filed under docket number CR-005142-22RI; said charges having been filed based on the false allegations of the defendant officers sworn to by defendant JAMESROBINSON.

23. Defendants MARCELLO, ENGLEHARDT, and JAMESROBINSON created and manufactured false evidence which defendant JAMESROBINSON conveyed to the Staten Island County District Attorney's office which used same against plaintiff in the aforementioned legal

proceeding, including that plaintiff had, *inter alia*, operated his motorcycle recklessly.

24. As a result of the defendants' conduct, plaintiff was compelled to return to court on numerous occasions until on March 30, 2023, all charges against plaintiff were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

25. Defendants JAMESROBINSON, ENGLEHARDT, GIANNATTASIO, TAGLIAFERRO, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, and otherwise participated in the aforementioned misconduct.

26. Defendant MARCELLO held the rank of lieutenant and directly participated in and supervised and sanctioned the aforementioned misconduct.

27. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of NYPD officers in recklessly operating their vehicles to apprehend and transport individuals.

28. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the safe operation of their vehicles, and engage in dangerous aggressive tactics when stopping scooters and motorcycles, and in a practice of rough rides, particularly within the borough of Staten Island.

29. For instance, officers from Staten Island have been sued in multiple lawsuits for

conduct related to rough rides, including in the matters, *Weiss v. City of New York*, 16 CV 776 (LDH)(JAM); *Matthew Itkin v. City of New York et al.*, 17 CV 187 (RRM) (JO); *Balzano v. City of New York, et al.*, 17 CV 2830 (FB)(VMS), and *Vassiliou v. City of New York, et al.*, 18 CV 779 (NGG)(VMS).

30. Additionally, the NYPD has been sued in multiple lawsuits and received media coverage for its aggressive policing of motorcycles and scooters. *See e.g., Cintron v. City of New York*, 24 CV 6602 (PAE); CBS News, Fast-growing NYPD Community Response Team focuses on nabbing illegal vehicles, available at *https://www.youtube.com/watch?v=KIwOgRs17kA*.

31. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

32. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff DOUAN DOTTS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of

42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiff DOUAN DOTTS sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendant officers arrested plaintiff DOUAN DOTTS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

40. Defendant officers caused plaintiff DOUAN DOTTS to be falsely arrested and unlawfully imprisoned.

41. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The level of force employed by defendant officers was excessive, objectively unreasonable, and otherwise in violation of plaintiff DOUAN DOTTS' constitutional rights.

44. As a result of the aforementioned conduct of the defendant officers, plaintiff DOUAN DOTTS was subjected to excessive force and sustained serious physical injuries and emotional distress.

45. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants initiated, commenced, and continued a malicious prosecution against plaintiff DOUAN DOTTS.

48. Defendants caused plaintiff DOUAN DOTTS to be prosecuted without any probable cause until the charges were dismissed on or about March 30. 2023.

49. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendant officers created false evidence against plaintiff DOUAN DOTTS.

52. Defendants utilized this false evidence against plaintiff DOUAN DOTTS in legal proceedings.

53. As a result of defendants' creation and use of false evidence, which defendants conveyed to the Staten Island County District Attorney's Office plaintiff DOUAN DOTTS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

54. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants had an affirmative duty to intervene on behalf of plaintiff DOUAN DOTTS, whose constitutional rights were being violated in their presence by other officers.

57. The defendants failed to intervene to prevent the unlawful conduct described

herein.

58. As a result of the foregoing, plaintiff DOUAN DOTTS was falsely arrested, subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

59. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

62. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York Police Department included, but were not limited to, unsafe operation of department vehicles, including engaging in dangerous and aggressive tactics when stopping scooters and motorcycles, and in a practice of rough rides particularly within the borough of Staten Island.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff DOUAN DOTTS' rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff DOUAN DOTTS.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DOUAN DOTTS as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DOUAN DOTTS as alleged herein.

69. As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department, plaintiff DOUAN DOTTS was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DOUAN DOTTS' constitutional rights.

71. All of the foregoing acts by defendants deprived plaintiff DOUAN DOTTS of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from excessive force;

    C.    To be free from malicious prosecution;

    D.    To receive a fair trial; and

    E.    To be free from the failure to intervene.

72. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

75. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation

of such claim as aforesaid.

76. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

77. Plaintiff has complied with all conditions precedent to maintaining the instant action.

78. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. The defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff DOUAN DOTTS.

81. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

82. Defendants caused plaintiff DOUAN DOTTS to be prosecuted without probable cause until the charges were dismissed on or about March 30, 2023.

83. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraph numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff DOUAN DOTTS.

86. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

87. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

90. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Plaintiff's injuries herein were caused by the carelessness, recklessness, and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

93. Defendant City, as employer of defendants, is responsible for their negligent acts under the doctrine of *respondeat superior.*

94. As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Violation of N.Y.C. Administrative Code)

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Plaintiff DOUAN DOTTS's rights to be free from false arrest, excessive force, denial of right to fair trial, and malicious prosecution were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

97. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

98.  Qualified immunity is no defense to this claim.

99.  As a result of the foregoing, plaintiff DOUAN DOTTS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff DOUAN DOTTS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: New York, New York
December 27, 2024

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff DOUAN DOTTS
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By: *Brett Klein*
> BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

DOUAN DOTTS,

                                                  Plaintiff,

     -against-                                                               Index No.:

CITY OF NEW YORK, ELON JAMESROBINSON,
Individually, CASEY ENGLEHARDT, Individually,
JOSEPH MARCELLO, ANTHONY GIANNATTASIO,
ANDREW TAGLIAFERRO, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),

                                                Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132